**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Tod Douglas MEGIBOW, Respondent.**

No. 97–SC–868–KB.

Supreme Court of Kentucky.

Dec. 18, 1997.

## OPINION AND ORDER

On August 15, 1997, the Board of Professional Responsibility of the Supreme Court of Tennessee entered an order of public censure against Respondent, Tod Megibow, for ethical violations. The facts stemming from this public censure are as follows: Respondent Megibow filed a pro hac vice entry of appearance as attorney for the plaintiff in a medical malpractice action in Tennessee. Respondent developed health problems and accordingly advised the trial court by letter dated July 18, 1996, that he was withdrawing from the case. However, he did not file a motion to withdraw and no order was entered permitting his withdrawal. The Board found that although Respondent had advised the court that his client's local counsel had agreed to assume representation, local counsel in fact had not agreed to do so. A motion for summary judgment was filed by the defendant in the case. Respondent filed no response and failed to appear at the hearing on the motion.

The Board of Professional Responsibility found that Respondent thereby violated DR 1–102(A)(1),(5),(6), 2–110(A)(1),(2), and 7–101(A)(1),(2),(3) of the Tennessee Code of Professional Responsibility and issued a public censure. The conduct for which Respondent was censured is also proscribed under Kentucky Supreme Court Rules 3.130–8.3(a), 3.130–3.2, 3.130–1.16(d), 3.130–1.3, and 3.130–1.4(a). Accordingly, Movant requests that a

public reprimand be issued against Respondent by this Court. SCR 3.435(4).

Respondent asserts, as he did before the Tennessee Board, that he had assumed that local Tennessee counsel would assume representation in the malpractice action. He claims that he discussed his withdrawal from the case with his clients and that they understood they needed to find alternative counsel. He also states that he obtained an affidavit from an expert in support of a response to the motion for summary judgment, but that his clients knew that he was unable, due to health reasons, to travel the distance necessary to appear at the hearing.

Respondent requests that a private rather than public reprimand be issued. He points out that he has never before been disciplined in his seventeen years of law practice. However, we, like the Board of Professional Responsibility of the Supreme Court of Tennessee, are unpersuaded that Respondent took all necessary and reasonable steps to withdraw from representation of his clients in the malpractice action or to protect his clients against summary judgment. Accordingly, Tod Douglas Megibow is hereby publicly reprimanded for his misconduct as set forth above.

STEPHENS, C.J., and COOPER, JOHNSTONE, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

GRAVES, J., not sitting.

ENTERED: December 18, 1997.

/s/ Robert F. Stephens
Chief Justice