**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**John T. RANKIN, Respondent.**

No. 99–SC–0660–KB.

Supreme Court of Kentucky.

Sept. 23, 1999.

Bruce K. Davis, Executive Director, Jay Garrett, Ben Cowgill, Kentucky Bar Association, Frankfort, for Movant.

Danny T. Karem, Louisville, for Respondent.

*PUBLIC REPRIMAND*

The Kentucky Bar Association brought this action against Respondent, John T. Rankin, for alleged professional miscon-

duct. The KBA Board of Governors, after reviewing the facts of the case, recommended that Respondent be publicly reprimanded. As Respondent failed to tender a response, this Court hereby adopts the Board's recommendation.

## I.

This action involves two charges against Respondent. Count I of the first charge, No. 4774, alleges that Respondent, after filing a bankruptcy petition on behalf of his client Seyed Razavi, orally moved to dismiss the petition without Mr. Razavi's knowledge or consent, in violation of SCR 3.130–1.2. This rule requires a lawyer to abide by a client's decision concerning the objectives of representation.

Count II of Charge No. 4774 alleges that Respondent certified to the Bankruptcy Court that his total fee was $1,500, when in fact the fee was $2,500. This conduct constitutes a violation of SCR 3.130–3.3(a)(1), which provides that a lawyer shall not knowingly make a false statement of material fact or law to a tribunal.

Respondent and the KBA stipulated that after the filing of the bankruptcy petition, Respondent learned that Mr. Razavi had illegally sent money out of the United States to relatives in Iran in contravention of the United States Embargo Act. Upon learning this, Respondent discussed the matter with his client and told him that in continuing the bankruptcy he was subjecting himself to possible indictment. Respondent made an oral motion to dismiss the action. Mr. Razavi was aware that Respondent intended to move for dismissal, and Mr. Razavi objected to it. Respondent and the KBA also stipulated that Respondent's initial fee was $1,500, yet because of the additional legal work arising from the money transfers to Iran, the U.S. Trustee Division advised Mr. Razavi that $1,500 was not an adequate fee and thus an additional $1,000 was paid.

Information produced by the Department of Justice in open court indicated that Mr. Razavi was attempting to perpetrate a fraud on the court, and that Respondent's continued pursuit of the action would have placed him in the position of assisting Mr. Razavi in perpetrating the fraud. Respondent was thus placed in a dilemma: not only would it have been improper for him to go forward with the proceeding, such a course of action could have placed Mr. Razavi in serious jeopardy. A lawyer is generally not permitted to reveal a client's wrongdoing; however, a lawyer is required to avoid furthering the client's improper purpose. SCR 3.130–1.2(e) provides that when a lawyer knows that a client expects assistance not permitted by the Rules of Professional Conduct or other law, the lawyer must inform the client of the limitations on the lawyer's conduct. The Board believes that Respondent should have moved the court for leave to withdraw as counsel; yet it also acknowledges that had he done so, he would have had no assurance that leave would be granted.

On these charges, the Board found Respondent guilty of Count I. Count II was dismissed.

## II.

Count I of Charge No. 6133 alleges that Respondent represented Marion Cornelius in a divorce proceeding filed in 1994. A property settlement agreement was signed by the client on August 29, 1995, and it was forwarded to Ernest Cornelius' attorney on September 1, 1995 for Mr. Cornelius' signature. On September 8, 1995, the agreement was sent back to Respondent for submission to the court. On November 28, 1995, the statutorily required proof was submitted to the court by Mr. Cornelius' attorney, and it was discovered that the settlement agreement had not been filed in the record. As a result, the court withheld entry of the dissolution decree.

Respondent was immediately notified of the situation by Mr. Cornelius' attorney, but it was not until December 19, 1996 that a new agreement was signed and submit-

ted to the court by Respondent. The original settlement agreement could not be filed because of changed circumstances regarding custody of the Cornelius' children. Thus, entry of the decree was delayed until January 7, 1997.

The Board believed that Respondent violated SCR 3.130–1.3 by failing to act with reasonable diligence and promptness in representing Mrs. Cornelius, and he was found guilty of Count I of Charge No. 6133.

### III.

 The Board recommended as punishment for conviction of Count I of Charge No. 4774 and Count I of Charge No. 6133 that Respondent receive a public reprimand. This Court hereby adopts the recommendation of the Board.

Upon the foregoing facts and charges, it is ordered that:

1. Respondent, John T. Rankin, is hereby publicly reprimanded for his professional misconduct.

2. Respondent, John T. Rankin, is directed to pay costs of this action in accordance with SCR 3.450, and said sum being $785.15 and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: September 23, 1999.

/s/ Joseph E.Lambert
Chief Justice