TO BE PUBLISHED

# Supreme Court of Kentucky

## FINAL

2016-SC-000623-KB

DATE 12/28/16 Kim Redmon, DC

BRIAN THOMAS CANUPP                                             MOVANT


V.                              IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                  RESPONDENT


## OPINION AND ORDER

The Movant, Brian Thomas Canupp, under SCR 3.480(2), asks this Court to enter an order resolving the pending disciplinary proceeding against him (KBA File No. 24246) by imposing a public reprimand. This motion is the result of an agreement with the Office of Bar Counsel for the Kentucky Bar Association. For the reasons below, the motion is granted.

### I. Background

Canupp was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2001. His KBA member number is 88690. His KBA roster address is 322 Main Street, Paris, Kentucky 40361.

This case arises from Canupp's representation of Loretta Wright in a wrongful-death action against Norton Hospital stemming from injuries to Wright's mother. The case was referred to Canupp by Christy Crow, an

attorney in Alabama. Canupp was hired in July 2011, at which time he and Wright signed an attorney-employment contract.

Canupp filed a complaint and demand for jury trial on July 12, 2012 in the Jefferson Circuit Court. In September 2014, that court, acting on its own motion, dismissed the case without prejudice for lack of prosecution. Canupp moved for reconsideration, which was granted on November 5, 2014.

On October 30, 2015, Norton Hospital filed a motion to dismiss for lack of prosecution, along with a motion for summary judgment. Canupp did not respond to either motion, nor did he inform Wright that these motions were pending. On December 4, 2015, the circuit court granted both of Norton Hospital's motions.

Canupp did not communicate his intention to allow the case to be dismissed to his client. He did not inform her of the dismissal until December 18, 2015, and he did not respond to her inquiries about the status of the case before that time.

Wright filed a bar complaint against Canupp, and the Inquiry Commission, in June 2016, issued a four-count charge. The charge alleges that Canupp violated (1) SCR 3,130-1.2(a)[1] by allowing Wright's case to be

---

[1] "Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify." SCR 3.130-1.2(a).

dismissed without consulting her; (2) SCR 3.130-1.3[2] by allowing Wright's case to be dismissed; (3) SCR 3.130-1.4(a)(4)[3] by failing to return phone calls and emails from Wright about the case; and (4) SCR 3.130-3.2[4] by failing to expedite the litigation in accordance with Wright's interests for over three years.

Canupp admits that his conduct violated the rules alleged in the charge. He has reached an agreement with the Office of Bar Counsel to resolve this matter and now asks this Court to enter an order in conformity with their negotiations. The proposed disposition would find Canupp guilty of the four counts and impose a public reprimand.

The Office of Bar Counsel has no objection to the motion and asks that it be granted. The Office of Bar Counsel states that it has reviewed the facts and relevant case law to support this resolution. Finally, according to the Office of Bar Counsel, the Chair of the Inquiry Commission and a Past President of the KBA have reviewed and approved the proposed sanction.

Canupp has no history of past discipline.

## II. Discussion

The negotiated-sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the

---

[2] "A lawyer shall act with reasonable diligence and promptness in representing a client." SCR 3.130-1.3.

[3] "A lawyer shall ... promptly comply with reasonable requests for information ...." SCR 3.130-1.4(a)(4).

[4] "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." SCR 3.130-3.2.

parties agree." SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction falls within the discretion of the Court.

The Office of Bar Counsel has cited three cases for comparison to determine whether the sanction proposed here is appropriate. In *Kentucky Bar Association v. Rankin,* 999 S.W.2d 710 (Ky. 1999), the attorney moved to have a bankruptcy petition dismissed without his client's consent and misstated his fee to the bankruptcy court in another bankruptcy case. In *Kentucky Bar Association v. Edwards,* 123 S.W.3d 912 (Ky. 2004), the attorney failed to respond to a motion for summary judgment, which was granted; failed to expedite litigation; and failed to keep his client reasonably informed of the status of the case. And in *Kentucky Bar Association v. Megibow,* 957 S.W.2d 727 (Ky. 1997), the attorney failed to respond to a motion for summary judgment or to appear at the hearing before filing a motion to withdraw or receiving leave to withdraw. In all three cases, the attorneys were publicly reprimanded.

Canupp's misconduct, though not identical to that in these three cases, is very similar. In fact, his conduct would appear to fall short of that in at least one, *Edwards,* which also involved a lack of candor to a tribunal.

4

Moreover, the Office of Bar Counsel notes in its response that several mitigating factors militate in Canupp's favor. Specifically, the office notes that in October 2014, Canupp's wife suffered health issues; in December 2014, Canupp was diagnosed with diabetes after experiencing a loss of vision and poor health; and in March 2015, Canupp's mother was hospitalized for an extended period. These family health problems coincide with at least part of Canupp's representation of Wright, covering the period during which the case was twice dismissed for lack of prosecution. The Office of Bar Counsel acknowledges that these health problems had an adverse effect on Canupp's practice.

That Canupp has no history of prior discipline also weighs in his favor.

After reviewing the allegations, the admitted facts, the comparable cases, and Canupp's previous disciplinary record, this Court concludes that the proposed resolution of this matter is adequate. The sanction, a public reprimand, is appropriate given the circumstances.

**Order**

ACCORDINGLY, IT IS ORDERED THAT:

1. The Movant, Brian Thomas Canupp, is found guilty of the admitted violations of the Rules of Professional Conduct alleged in the charge.

2. Canupp is publicly reprimanded for his misconduct.

3. In accordance with SCR 3.450, Canupp is directed to pay all costs associated with these disciplinary proceedings against him, said sum

being $60.48, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: December 15, 2016.

_____
CHIEF JUSTICE