**INQUIRY COMMISSION, Movant,**

v.

**John Michael POOLE, Respondent.**

**99–SC–0848–KB.**

Supreme Court of Kentucky.

Nov. 18, 1999.

### OPINION AND ORDER

Pursuant to SCR 3.165, the Inquiry Commission requests that this Court issue an order of temporary suspension against Respondent, John Michael Poole, whose last known address is The Starks Building, 455 South Fourth Street, Suite 610, Louisville, Kentucky.

In support of its petition, the Inquiry Commission has submitted an affidavit from Heather Schroeder, who was the vice-president of USA Title Company, a Kentucky corporation organized and operated by Poole. In the affidavit, Schroeder states that USA Title Company, as an agent of Chicago Title Insurance Company, conducted real estates closings, issued

title insurance policies, and disbursed funds deposited in its escrow account to pay off mortgage debts and other expenses related to real estate closings. Further, she alleges that Poole made inappropriate and possibly illegal use of funds from the USA Title escrow account through telephone transfers of escrow funds into the company's operating account.

Additionally, Chicago Title Insurance Company has filed suit against Poole and USA Title Company. At the same time it filed suit, Chicago Title sought and received a restraining order which restrained Poole and USA Title "from transferring any funds out of the USA Title escrow account ... and/or disposing of any other funds that have been entrusted to them in their capacity as agents for Chicago Title...." The order also directed Poole and USA Title to surrender certain records to Chicago Title. By the terms of the restraining order, it was to remain in effect until the trial court ruled on Chicago Title's motion for a temporary injunction. The matter was heard on July 30, 1999. After hearing arguments, the court issued an order allowing Chicago Title to maintain possession of the records and further ordered that the escrow account in question be frozen.

In support of its petition, the Inquiry Commission has also submitted Chicago Title's complaint against Poole and USA Title. Attached to the complaint as an exhibit are copies of records that document the telephonic transfer of funds from the escrow account into the operating and other accounts. These records clearly show that Poole authorized these transfers.

SCR 3.165(1)(a) provides that an attorney may be temporarily suspended if it "appears that probable cause exists to believe that an attorney is or has been misappropriating funds the attorney holds for others to his/her own use or has been otherwise improperly dealing with said funds." In response to the show cause order, Poole argues that the civil lawsuit filed by Chicago Title does not establish probable cause. He further argues that the escrow account in question has a positive balance of over $150,000. However, he does not dispute that he authorized the account transfers documented in Chicago Title's complaint. Nor does he offer any explanation as to the purpose for making these transfers.

We conclude that there appears to be probable cause that John Michael Poole misappropriated funds which he held for Chicago Title's use.

It is therefore ORDERED that:

1) Respondent, John Michael Poole of Louisville, Kentucky, is temporarily suspended from the practice of law in this Commonwealth, effective immediately and until superseded by subsequent order.

2) Disciplinary proceedings against respondent shall be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun.

3) The temporary suspension of respondent shall be effective with the entry of this order and shall continue in effect until such time as the merits of the above-ordered disciplinary proceedings can be finally determined by this Court or until such time as respondent can show good cause why the order of temporary suspension should be amended or dissolved.

4) Pursuant to SCR 3.165, respondent shall, within twenty days of the date of entry of this order, notify all clients in writing of his inability to continue to represent them and shall furnish copies of such letters of notice to the Director of the Kentucky Bar Association. Respondent also shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged. Failure to comply with this rule shall subject respondent to a charge of contempt of court.

5) Pursuant to SCR 3.450 and SCR 3.480(3), respondent is directed to pay all costs arising out of this proceeding, for

which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: November 18, 1999.

/s/ JOSEPH LAMBERT
CHIEF JUSTICE