**512**

INQUIRY COMMISSION,
Complainant,

v.

Dean Lyle SEXTON, KBA Member
No. 82668, Respondent.

No. 2002–SC–1067–KB.

Supreme Court of Kentucky.

April 24, 2003.

---

**OPINION AND ORDER**

Pursuant to SCR 3.165, the Inquiry Commission petitions this Court to enter an order temporarily suspending Respondent from the practice of law in the Commonwealth of Kentucky. The Inquiry Commission alleges that probable cause exists to believe that Respondent, Dean Lyle Sexton, whose last known business and residential addresses are located in Louisville, Kentucky and who was admitted to the practice of law in this Commonwealth on November 4, 1988, has misappropriated client funds for his own use or has otherwise improperly dealt with client funds, SCR 3.165(1)(a), and that Respondent's dishonesty and/or gross negligence in handling and managing funds entrusted to him poses a real and present danger to the public. SCR 3.165(1)(b).

Complainant attaches to its petition notarized bar complaints from two of Respondent's former clients. One of the former clients states that he paid Respondent a $1500.00 retainer in July 2002, and, despite repeated efforts to contact Respondent through his Louisville office and an office in Atlanta, Georgia, he has heard nothing from Respondent since he paid the retainer. The other former client states that she was sued and required to pay approximately $400.00 out of her own pocket after Respondent failed to pay mediation costs that her employment contract with Respondent required Respondent to pay from settlement proceeds.

On February 13, 2003, after receipt of the Inquiry Commission's Petition for Temporary Suspension, this Court entered an order directing Respondent:

> ... to file with the Clerk of this Court within twenty (20) days from the date of this order, his Response to the Petition of the Inquiry Commission filed in this Court, and to show cause, if any he can, why he should not be suspended from the practice of law in the Commonwealth of Kentucky under SCR 3.165(1)(a) and/or SCR 3.165(1)(b).

Copies of this order were mailed via registered mail from the Office of the Supreme Court Clerk to both of Respondent's addresses of record, but all letters were re-

turned to the sender, the letter mailed to Respondent's business address returned with a notation that Respondent has moved without leaving a forwarding address.

Respondent has not responded to either the petition or the order directing him to show cause and the Court has carefully reviewed the Inquiry Commission's Petition for Temporary Suspension and the supporting notarized bar complaints. From its review of those materials, the Court finds probable cause to believe that Respondent "is or has been misappropriating funds the attorney holds for others to his/her own use or has been otherwise improperly dealing with said funds," SCR 3.165(1)(a), and further finds probable cause to believe that Respondent's "conduct poses a substantial threat of harm to his clients or to the public." SCR 3.165(1)(b).

ACCORDINGLY, IT IS THEREFORE ORDERED THAT:

1. Respondent is temporarily suspended from the practice of law in the Commonwealth effective this date and until this order is superseded by subsequent order.

2. If it has not already done so, the Inquiry Commission shall initiate disciplinary proceedings against Respondent pursuant to SCR 3.160 unless Respondent resigns under terms of disbarment.

3. Pursuant to SCR 3.165(5), Respondent shall, within twenty (20) days of the date of entry of this order, notify in writing any and all clients of his inability to continue to represent them and shall furnish copies of such written notifications to the Director of the Kentucky Bar Association.

4. Pursuant to SCR 3.165(6), Respondent shall, to the extent reasonably possible, immediately cancel and cease any and all advertising activities in which he is engaged.

All concur.

Entered: April 24, 2003.

/s/ Joseph E. Lambert
CHIEF JUSTICE