**KENTUCKY BAR ASSOCIATION**
Complainant

v.

**Richard Mark EDWARDS Respondent**

**No. 2003–SC–0937–KB.**

Supreme Court of Kentucky.

Jan. 22, 2004.

**OPINION AND ORDER**

On October 17, 2002, the Inquiry Commission of the Kentucky Bar Association (KBA) issued four counts of professional misconduct against Respondent, Richard Mark Edwards of Paducah, Kentucky, who was admitted to the practice of law in this Commonwealth on November 1, 1983. Edwards has admitted to the allegations in the charges and has moved this Court to issue a public reprimand along with certain other conditions. The KBA has no objection to this motion. We, therefore, grant the motion and outline the substance of the four charges below.

### Facts

Edwards represented Doug Key in a lawsuit against Eileen M. Liles for injuries sustained by Mr. Key at a party on Ms. Liles' property. Suit was filed in the McCracken Circuit Court on July 28, 1998.

Edwards attempted to serve Ms. Liles by certified mail, but the attempt failed. Thereafter, Edwards took no action and the case languished for over a year. As a result, Judge Jeffrey Hines of the McCracken Circuit Court sent Edwards a letter asking for an update on the case. Edwards then issued an alias summons. The summons was served upon Liles who answered the complaint.

On November 18, 1999, Liles' attorney sent Edwards a notice to take Mr. Key's deposition on January 26, 2000. Edwards did not inform his client about this notice until January 25, 2000. Because of the shortness of the notice, Mr. Key could not attend the deposition.

On February 10, 2000, Liles filed a motion for summary judgment. Liles' attorney certified that she in fact mailed a copy of the motion to Edwards on February 9, 2000. The motion was noticed to be heard on March 17, 2000, then rescheduled for March 24, 2000, and again rescheduled for April 4, 2000.

Edwards failed to file a written response to the summary judgment motion. At the

hearing on the motion, Edwards did request additional time to take depositions. The trial court denied the request and granted Liles' motion for summary judgment.

Edwards did not notify or contact his client about the adverse result of the April 4 hearing in a timely manner. Months later, Edwards met with Mr. Key, gave him a copy of the judgment, and advised him that the time to appeal had passed. Additionally, Mr. Key's mother requested a copy of her son's case file, which was not delivered to her until several months later.

### Charges

Count I charges that Edwards violated SCR 3.130–1.3, which provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

Count II charges that Edwards violated SCR 3.130–1.4(a) and (b), which provide: "A lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. A lawyer should explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

Count III charges that Edwards violated SCR 3.130–3.2, which provides that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

Count IV charges that Edwards violated SCR 3.130–1.16(d), which provides that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

The above facts amply support finding that Edwards violated each charge of professional misconduct. Therefore, Edwards' motion is granted and it is hereby ordered that:

(1) Edwards is publicly reprimanded for his violations of SCR 3.130–1.3; SCR 3.130–1.4(a) and (b); SCR 3.130–3.2; and SCR 3.130–1.16(d);

(2) In accordance with SCR 3.450, Edwards is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $11.12, and for which execution may issue from this Court upon finality of this Opinion and Order;

(3) Edwards will complete, at his own expense, eight hours of remedial ethics and law office management education—separate and apart from his fulfillment of any other continuing education requirement—within two (2) years of the entry of this Opinion and Order;

(4) The remedial ethics education must be satisfied by Edwards' personal attendance at a live continuing education program, a satellite or video continuing education program in the presence of a monitor, or other programs approved in advance by the KBA Office of Bar Counsel. These other programs are to include two seminars at the 2003 KBA Annual Convention in Louisville, Kentucky. (Edwards has certified that he attended these seminars and no objection to this claim has been made by the KBA.); and

(5) If Edwards fails to comply with any of the above terms or if charges of like or similar violations are issued against him by the Inquiry Tribunal during the next two (2) years from the entry of this Opinion and Order, then, upon motion of the KBA Office of Bar Counsel, the public reprimand may be converted into a forty-five

(45) day suspension from the practice of law.

All concur.

Entered: January 22, 2004.

/s/ Joseph E. Lambert
CHIEF JUSTICE