**INQUIRY COMMISSION, Movant,**

v.

**Barry Sloan SMITH, Respondent.**

**No. 2004–SC–001014–KB.**

Supreme Court of Kentucky.

Feb. 17, 2005.

Gardner L. Turner, Sturgill, Turner, Barker & Moloney, Lexington, Jay R. Garrett, Kentucky Bar Association, Frankfort, Counsel for Movant.

Barry S. Smith, Albany, for Respondent.

**OPINION AND ORDER**

The Inquiry Commission requests that Respondent, Barry Sloan Smith, KBA Member No. 83508, and whose last known address is 114 South Washington Street, Albany, Kentucky 42602, be temporarily suspended from the practice of law in the Commonwealth of Kentucky for preparing fraudulent court orders, forging a United States District Judge's signature on the orders, failing to take action on his clients' behalf, and misrepresenting important facts to his clients about their cases. The Inquiry Commission states that "probable

cause exists to believe that ... [Respondent's] conduct poses a substantial threat of harm to his clients or the public[,]"[1] thus warranting the Respondent's temporary suspension under SCR 3.165(1)(b).

Respondent represented Ruth Thrasher, who claims that a staple became lodged in her throat while she consumed a can of Mountain Dew. On July 12, 2002, Respondent filed a complaint against Pepsi–Cola Company in Clinton Circuit Court, which Pepsi had removed to the United States District Court for the Western District of Kentucky in Bowling Green. When Respondent failed to comply with federally required discovery disclosures, Pepsi petitioned the Court for a dismissal of the case, which Judge Thomas Russell granted on March 24, 2003. After Ms. Thrasher's case was dismissed and no appeal was taken, Respondent deceived Ms. Thrasher in the following manner:

(1) Respondent claimed that Pepsi was willing to settle Ms. Thrasher's case for two million dollars and reviewed a settlement agreement with her;

(2) Respondent furnished Ms. Thrasher with a copy of a fraudulent scheduling order on which he forged Judge Thomas Russell's signature;[2]

(3) Respondent provided Ms. Thrasher with a copy of an order setting her case for trial on which he forged Judge Thomas Russell's signature;

(4) Respondent gave Ms. Thrasher a copy of an amended complaint he allegedly filed in her case;

(5) Respondent furnished Ms. Thrasher with a copy of a response to a notice of appeal allegedly filed by Pepsi; and

(6) Respondent pretended to have a telephone conversation about her case with Judge Thomas Russell in Ms. Thrasher's presence.

Respondent apparently maintained this charade for ten months. However, in following up on Respondent telling her that Pepsi was to obtain new counsel, Ms. Thrasher discovered from Pepsi's attorney that her case had been dismissed. Ms. Thrasher immediately notified Judge Russell and provided him with copies of the documents that Respondent had manufactured.

After several attempts to have Respondent appear for a hearing on the matter, Judge Russell denied Respondent's request to postpone the matter and issued an order for Respondent to appear and show cause for his absence. Respondent also failed to appear at the show cause hearing, thus Judge Russell found him in contempt and fined him $5,000.00.

Respondent also agreed to represent Ronnie Byers and claimed to have initiated an action on his behalf. However, after Byers contacted another attorney, Paul H. Riley, Jr., to investigate the situation, he discovered that the case had never been filed and that the orders purportedly signed by Judge Thomas Russell were forgeries and the order signed by the "Chief Regional Judge for the Eastern District of Kentucky, L.B. Harper," was a fabrication.[3]

Respondent has failed to file a response to the Inquiry Commission's petition, and finding probable cause exists, we hereby grant the petition for temporary suspension in accordance with SCR 3.165(1)(b).

1. SCR 3.165(1)(b).

2. Judge Thomas Russell's affidavit is attached to the Petition for Temporary Suspension Pursuant to SCR 3.165(1)(b).

3. Paul H. Riley, Jr.'s affidavit is attached to the Petition for Temporary Suspension Pursuant to SCR 3.165(1)(b).

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) Respondent is temporarily suspended from the practice of law in the Commonwealth of Kentucky pending further orders from this Court.

(2) Within twenty (20) days from the date of the entry of this Opinion and Order, Respondent shall notify in writing all clients of his inability to provide further legal services and furnish the Director of the Kentucky Bar Association with copies of all such letters.

All concur.

Entered: February 17, 2005.

/s/ Joseph E. Lambert
Chief Justice