INQUIRY COMMISSION, Movant,

v.

**Jimmie Green ORR, Jr., Respondent.**

**No. 2011–SC–000010–KB.**

Supreme Court of Kentucky.

April 21, 2011.

---

*OPINION AND ORDER*

MINTON, Chief Judge.

The Inquiry Commission moves this Court to enter an order temporarily sus-

pending Jimmie Green Orr, Jr., from the practice of law and restricting him from dealing in client funds. SCR 3.165(*l*)(a), (*l*)(b), (2). Orr, whose KBA number is 85305 and whose last known bar roster address is 200 Southland Drive, Lexington, Kentucky 40503, was admitted to the practice of law in the Commonwealth of Kentucky on October 17, 1994.

### KBA File 17573

Orr began representing Bethel Slone in 2000 and was granted power of attorney in 2008. Acting in this capacity, Orr sold Slone's principal asset, a twenty-five percent interest in DEVCO Inc., a closely held family-owned corporation, for $138,500.00. Before completing the transaction, the purchaser required Slone provide affidavits from each of her three adult children swearing they did not oppose the sale. Three such affidavits were produced and the sale was completed in the summer of 2008. Orr maintains he mailed the affidavits to Slone and she returned them, complete with signatures. However, Slone swore by affidavit that she had never before seen the affidavits allegedly signed by her children and had no knowledge of who actually signed the affidavits. Additionally, Slone's daughter, Ruth Ann Willis, claims she and her siblings did not sign the affidavits and knew nothing about the sale, which they would have opposed as not in their mother's best interest. Orr admits he notarized each affidavit, despite the fact that he did not witness the signatures and his notary commission had expired.

Orr deposited the $138,500.00 sale proceeds into his escrow account, from which he then transferred $75,000.00 to a money market account in Slone's name and loaned $58,500.00 to "Robert H. Cowan, LHC Properties, LLC." Cowan signed a Promissory Note and a Promissory Note Guarantee Agreement on September 3, 2008. Orr also signed a Promissory Note Guarantee Agreement the same day. Orr said he loaned Cowan the money because he thought it was a good investment for Slone and he had known Cowan, who was in the business of buying and flipping homes, for quite some time. According to Orr, he and Cowan met when Orr was in his first semester of an MBA program and reconnected several years later, at which time Orr worked for a food broker and Cowan worked for a cookie or cracker company. The two then stayed in touch until 1991, when Orr began law school. Around 2001, they ran into each other at church and remained friends until 2008, when the current events transpired. After completing the loan, Orr had difficulty contacting Cowan. When it came time for the first payment to Slone in October 2008, Orr discovered Cowan's phone had been disconnected. When Orr contacted the people at Cowan's office they claimed to have never heard of Cowan. Consequently, as a guarantor, Orr claims he made the payments himself until Slone was repaid in full, including interest.

Orr maintained his story about Cowan for months during the Bar investigation, embellishing and adding details, until he finally admitted in a September 1, 2010 letter to Bar Counsel that Robert H. Cowan and LHC Properties, LLC were fictitious. Orr admitted he used money taken from his escrow account to pay personal debts and invented Cowan and LHC Properties to cover his misappropriation of client funds. As of September 1, 2010, Orr claims to have (1) returned the misappropriated funds to Slone, including paying interest on the note; (2) repurchased Slone's stock, paying from his pocket the premium required by the purchaser; and (3) used his own funds to pay Slone the $5,000.00 quarterly dividend that she would have received for five quarters had he been able to immediately repurchase

her stock. It is unclear whether any money is still owed Slone.

The KBA filed a four-count charge against Orr on October 20, 2010, charging him with violating SCR 3.130(8.1)(a)[1] for making numerous false statements of material fact to Bar Counsel regarding the loan to Cowan; SCR 3.130(8.1)(b) for failing to correct the false information he provided Bar Counsel; SCR 3.130(8.4)(b) for committing the criminal acts of falsely completing the jurat on the three affidavits and misappropriating Slone's funds for his own use; and SCR 3.130(8.4)(c) for engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation.

## KBA File 14893

In its motion, the Inquiry Commission also incorporates by reference the Trial Commissioner's amended report in File 14893, recommending Orr be suspended for at least sixty-one days for (1) knowingly filing with the United States Bankruptcy Court for the Eastern District of Kentucky two certificates of credit counseling that he created and falsified; (2) for failing to disclose the falsity of these certificates in a later motion to the Court; and (3) for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. The Trial Commissioner noted in his report that, prior to this incident, Orr did not have a disciplinary history.

Orr's response, by counsel, to the Inquiry Commission's petition for temporary suspension simply states Orr "does not contest the material allegations of the Petition for Temporary Suspension."

Kentucky Supreme Court Rule 3.165(1) provides an attorney may be temporarily suspended from the practice of law if "(a) it appears that probable cause exists to believe that an attorney is or has been misappropriating funds the attorney holds for others to his/her own use or has been otherwise improperly dealing with said funds; or (b) it appears that probable cause exists to believe that an attorney's conduct poses a substantial threat of harm to his clients or to the public." In addition, as part of the temporary suspension, the Court may order the attorney be restricted from dealing with client funds, pursuant to SCR 3.165(2).

While it appears these are the first charges brought against Orr, the Court has ordered temporary suspensions in cases with no disciplinary history and/or cases with few charges. In *Inquiry Com'n v. Poole,* 4 S.W.3d 139 (Ky.1999), an attorney was temporarily suspended when he wrongfully transferred money from his company's escrow account into its operating account. In *Inquiry Commission v. Sexton,* 102 S.W.3d 512, (Ky.2003), the Court temporarily suspended Sexton when, in one instance, he collected a $1,500.00 retainer and failed to represent the client and, in a second instance, when he failed to pay mediation costs for a client, forcing her to pay the $400.00 costs out of pocket. In another case, *Inquiry Com'n v. Richardson,* 324 S.W.3d 739, 740 (Ky.2010), attorney Richardson was temporarily suspended for using escrow funds to purchase property and pay personal debts. The Court temporarily suspended another attorney when, under one charge, he prepared fraudulent court documents and forged a federal judge's signature and, under another charge, he failed to take action on his clients' behalf. *Inquiry Com'n v. Smith,* 155 S.W.3d 46 (Ky.2005). In *Inquiry Com'n v. Greene,* 266 S.W.3d

---

**1.** All rules refer to the Kentucky Supreme Court Rules of Professional Conduct in effect after the July 15, 2009 amendments.

242 (Ky.2008), the Court not only temporarily suspended Greene, but also restricted him from dealing with client funds when, acting under a power of attorney, Greene wrongfully transferred and sold his client's stock, misappropriated the client's coal royalties, and failed to account for the client's other funds and property. *Id.* Greene presented a thorough defense to the charges but the Court, while admitting the case raised a number of questions and lacked definitive proof of wrongdoing, nevertheless found probable cause to temporarily suspend Greene and restrict his access to client funds. *Id.*

Based on the documentation provided by the Inquiry Commission, Orr's response, and the above precedent, we find probable cause exists to believe Orr has been misappropriating funds he holds for others to his own use or otherwise improperly using these funds and his conduct poses a substantial threat of harm to his clients or the public. SCR 3.165(1)(a) and (1)(b). We also believe it is appropriate to place restrictions on Orr's access to client funds. SCR 3.165(2).

Therefore, it is hereby ORDERED that:

1. Jimmie Green Orr, Jr. is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective upon the date of entry of this order and until superseded by subsequent order from this Court.

2. Pursuant to SCR 3.165(5), Orr shall, within twenty (20) days from the date of entry of this order, notify all clients in writing of his inability to continue to represent them. He shall furnish copies of all such letters to the Director of the Kentucky Bar Association.

3. Pursuant to SCR 3.165(6), Greene shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

4. Pursuant to SCR 3.165(2), Orr is hereby restricted from dealing with client funds held in any escrow account, including, but not limited to, his accounts with the Bank of Lexington.

5. Pursuant to SCR 3.165(2), this order, when served on any bank maintaining any escrow account upon which Orr may make withdrawals, shall serve as an injunction to prevent said bank from making further payments from such account or accounts on any obligation except in accordance with restrictions imposed by this Court, and shall direct such bank not to disclose (except to those entitled to withdraw from the account or accounts or to receive payment of such obligation, or upon the express written permission of at least one of such persons as to each such account or obligations) that such order has been received or the contents thereof.

6. Each person or entity upon whom this order is served shall fully comply with the provisions of SCR 3.165(2), a copy of which shall be affixed to this order.

7. Pursuant to SCR 3.165(2), the Inquiry Commission is granted leave to move this Court to appoint a trustee to manage funds in any accounts held by Orr. Further, the Inquiry Commission is granted leave to move this Court to impose specific restrictions on any such account.

All sitting. All concur.

ENTERED: April 21, 2011.

/s/ John D. Minton, Jr.
    CHIEF JUSTICE