**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Jimmie Green ORR, Jr., Respondent.**

No. 2011–SC–000168–KB.

Supreme Court of Kentucky.

Aug. 25, 2011.

## OPINION AND ORDER

Jimmie Green Orr, Jr., KBA Member No. 85305, bar roster address 215 Southland Drive, Suite 200, Lexington, Kentucky 40503, was admitted to practice law in Kentucky in 1994.[1] The Trial Commissioner recommended a 61–day suspension from the practice of law for violations of the Kentucky Rules of Professional Conduct.[2] After withdrawing his appeal of the Trial Commissioner's Report to the Board of Governors, the matter comes before us to consider the record and enter a final order. In accordance with Supreme Court Rule (SCR) 3.370(10), we adopt the Trial Commissioner's recommendation.

In November 2008 (KBA file no. 14893), the Inquiry Commission issued a three-count charge against Orr for violating SCR

---

1. This information was effective at the time the Trial Commissioner issued his report. However, Orr is currently temporarily suspended from the practice of law in Kentucky by order of this Court in *Inquiry Commission v. Jimmie Green Orr, Jr.*, 336 S.W.3d 458 (Ky.2011) (KBA file no. 17573). Orr's suspension was effective May 1, 2011.

2. Although the disciplinary hearing took place in 2010, the acts that gave rise to this matter and the Inquiry Commission's issuance of charges took place before the July 2009 amendments to the Kentucky Rules of Professional Conduct went into effect. So we apply the Kentucky Rules of Professional Conduct in effect before July 2009.

3.130–3.3(a)(3), 3.130–3.3(a)(2), and 3.130–8.3(c). The Trial Commissioner conducted a hearing on the matter in March 2010. The KBA presented testimony from Orr; Rachelle Williams, Assistant U.S. Trustee for the U.S. Bankruptcy Court for the Eastern District of Kentucky; and Joseph J. Golden, Assistant U.S. Trustee for the U.S. Bankruptcy Court for the Western District of Kentucky. At the hearing, "[Orr] presented no factual or legal defense to the charges of unethical conduct [but] gave testimony attempting to explain or mitigate his conduct."

Count I alleged professional misconduct by Orr for violating SCR 3.130–3.3(a)(3)[3] in his representation of clients during a Chapter 13 bankruptcy action. Orr was aware his clients did not complete pre-filing credit counseling. And after receiving certificates of completion for a financial management course that did not fulfill the requirements of 11 U.S.C § 109(h), Orr, nevertheless, prepared and filed fictitious credit counseling certificates without the knowledge of his clients. According to the findings of the Trial Commissioner, "The Certificates set forth an organization, namely Dave Ramsey's Abridged Financial Peace University, which did not undertake pre-Petition filing counseling, which raised suspicion of the U.S. Bankruptcy Trustee." Consequently, the Trial Commissioner found that Orr violated the rules of professional conduct when he knowingly prepared and filed falsified certificates with the United States Bankruptcy Court.

Count II alleged professional misconduct by Orr for violating SCR 3.130–3.3(a)(2)[4] because he failed to disclose the fictitious nature of the counseling certificates filed with the U.S. Bankruptcy Court. Later, Orr filed a "Motion to waive the Credit Counseling requirement in which he also failed to disclose the fabricated and fraudulent [c]ertificate filings when presented with the opportunity to do so in seeking other relief." The Trial Commissioner additionally found that if the U.S. Bankruptcy Trustee did not question the validity of the certificates, "[Orr] may have prevailed with his deceit." The Trial Commissioner concluded that Orr violated the rules of professional misconduct by knowingly failing to disclose the fictitious nature of the certificates and further failing to disclose the information at a subsequent bankruptcy proceeding.

Count III alleged professional misconduct by Orr for violating SCR 3.130–8.3(c)[5] stemming from the actions described in Counts I and II of the Charge. The Trial Commissioner concluded that:

> [Orr] continued in the perpetration of the fraud and deceit until the scheduled Bankruptcy Rule 2004 examination, only at which time did he indicate to the U.S. Bankruptcy Trustee his deceitful actions and the fictitious [c]ertificate filings when confronted by her as to his compliance with provisions of 11 USC § 109(h), although he had ample opportunities to do so for weeks prior thereto.

The Trial Commissioner found that these actions involved dishonesty, deceit, and misrepresentation, which violated the rules of professional conduct. The recommendation of the Trial Commissioner states:

---

**3.** A lawyer shall not knowingly ... [o]ffer evidence that the lawyer knows to be false.

**4.** A lawyer shall not knowingly ... [f]ail to disclose a material fact to the tribunal when disclosure is necessary to avoid a fraud being perpetrated upon the tribunal.

**5.** It is professional misconduct for a lawyer to ... [e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

Although the Trial Commissioner finds [Orr] to have been truthful, sincere[,] and remorseful for his conduct; that he believed it to be in the best interest of his client as opposed to any personal gain; and[ ] that he was limited in his knowledge of the changes to the bankruptcy laws just prior enacted, though not necessarily concerning the pre-Petition Certification of Counseling filing requirement, he still possessed sufficient knowledge of bankruptcy law and procedure in his years of practice prior thereto. Nevertheless, the Trial Commissioner cannot overlook nor overcome the fact that [Orr] had sufficient knowledge to knowingly fabricate and subsequently file false documents and perpetrate a fraud upon a federal tribunal and its appointed representative. [Orr's] actions were purposeful and deceptive and rise to the level of being a dishonest and fraudulent misrepresentation, reflecting a high degree of personal misconduct[,] which could have caused serious consequences to his clients. His delay in reporting the same, despite his perceived "panic[,"] until confronted and the lengthy period of time in which [he] had to make his admission, also causes the Trial Commissioner concern. . . .

The Trial Commissioner has considered the line of decisions from the Supreme Court[,] which provide that a temporary suspension from the practice of law is an appropriate punishment for engaging in conduct [that] brings the Bar and the lawyer himself into disrepute and causes serious or potentially serious consequences. . . . The public oft expresses a low opinion of those engaged in the legal profession for which such misconduct as exhibited by [Orr] does further harm thereto.

Based on admissions by Orr, facts adduced at the hearing, and the applicable legal standards, the Trial Commissioner recommended that Orr receive a 61–day suspension from the practice of law. Accordingly, we now enter a final order adopting the Trial Commissioner's recommendation in accord with SCR 3.370(10) because neither party filed a notice of appeal.

Based upon the foregoing, the Court ORDERS:

1) Jimmie Green Orr, Jr., is found guilty of violating SCR 3.130–3.3(a)(3) (Count I), 3.130–3.3(a)(2) (Count II), and 3.130–8.3(c) (Count III) as alleged in KBA File 14893;

2) Jimmie Green Orr, Jr., is suspended from the practice of law in the Commonwealth of Kentucky for a period of 61 days. The period of suspension shall commence as of the date of entry of this order;

3) Under SCR 3.390, Jimmie Green Orr, Jr., shall, within ten days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify all courts in which he has matters pending of his suspension from the practice of law; and furnish copies of said letters of notice to the Executive Director of the KBA. Furthermore, to the extent possible, Orr must immediately cancel and cease any advertising activities in which he is engaged; and

4) Under SCR 3.450, Jimmie Green Orr, Jr. is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,309.30, for which execution may issue from this Court upon the finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 25, 2011.

/s/ John D. Minton, Jr.

/s/ CHIEF JUSTICE