**Jimmie Green ORR Jr., Movant,**

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

**No. 2011–SC–000607–KB.**

Supreme Court of Kentucky.

Nov. 23, 2011.

_____

### OPINION AND ORDER

Jimmie Green Orr Jr., Kentucky Bar Association (KBA) Member No. 85305, bar roster address P.O. Box 910328, Lexington, Kentucky 40591, was admitted to practice law in Kentucky in 1994. He has been under temporary suspension from the practice of law by order entered in April 2011.[1]

In October 2010, the Inquiry Commission issued a four-count Charge against Orr for violating SCR 3.130–8.1(a), 3.130–8.1(b), 3.130–8.3(b), and 3.130–8.3(c).[2] The Charge relates to financial misconduct in Orr's representation of Bethel Slone. In response to this Charge, Orr moves this Court to enter an order accepting his Motion to Resign Under Terms of Permanent Disbarment. The KBA makes no objection to the motion.

### KBA FILE NO. 17573

In March 2008, Orr was granted a Power of Attorney for Bethel Slone and arranged the sale of Slone's principal asset, a 25 percent stock interest in a closely held, family-owned corporation, DEVCO, Inc. The sale was for $138,500. The buyer conditioned the sale on receiving a clear indication that Slone's three adult children were aware of and agreeable to the stock sale. So Orr produced three affidavits confirming that Slone's children did not oppose the transaction. And the sale was completed in the summer of 2008.

Orr originally informed the KBA that he prepared affidavits for each of Slone's children, sent them to her in early June 2009, and received them back in August 2009. The notarized affidavits bore signatures from each of Slone's children. But Slone made an affidavit on February 22, 2010, which stated that she did not receive the affidavits from Orr or from her children. Slone's daughter, Ruth Ann Willis, claimed that neither she nor her brothers signed the affidavits or were aware of the sale and that they would have opposed the sale

---

**1.** *Inquiry Comm'n v. Orr,* 336 S.W.3d 458 (Ky.2011).

**2.** Although the Charge was issued in 2010, the acts that gave rise to this matter took place before the July 2009 amendments to the Kentucky Rules of Professional Conduct went into effect. So we apply the Kentucky Rules of Professional Conduct in effect before July 2009.

because it was not in their mother's best interest. Orr admitted he notarized each affidavit even though he did not witness the signatures. In addition, Orr's notary commission was expired at the time.

Orr deposited the proceeds of the sale into his escrow account and transferred $75,000 to a money-market account in Slone's name. The remaining $58,500 was loaned to Robert H. Cowan, LHC Properties, LLC. Orr provided Slone a Promissory Note and Promissory Note Guarantee Agreement, both signed by Robert H. Cowan and dated September 3, 2008. On the same day, Orr signed a Promissory Note Guarantee Agreement on the loan.

During the investigation, Orr stated that he had known Cowan for many years and that Cowan was in the business of buying and flipping homes for a profit. The two men originally met in 1982 during Orr's first and only semester in an MBA program. According to Orr, he and Cowan reconnected some years later when their paths crossed professionally; and they continued to stay in touch until Orr began law school in 1991. The men ran into each other at church around 2001 and continued to be friends until 2008.

As the first payment drew near, Orr attempted to contact Cowan regarding his payment. But he had a great deal of difficulty reaching Cowan. Orr discovered Cowan's phone was disconnected, and Cowan's office staff claimed they never heard of Cowan. So Orr, as a guarantor, made payments to Slone until the loan was repaid in full, including interest.

During the KBA investigation, Orr consistently maintained this story about Cowan. But after some months, Orr admitted to Bar Counsel that Cowan and LHC Properties, LLC, were his fabrication. In a letter, dated September 1, 2010, Orr admitted, "Regarding the loan to LHC Properties, and guaranty Robert H. Cowan, please know that to the best of my knowledge neither exist[s]. They are fictitious." In the same letter, Orr claimed that he used personal funds to make all of the payments required under the note, to repurchase the stock at a premium price, and to make five payments of $5,000, which was the sum equal to the quarterly dividend Slone would have received if he was able immediately to repurchase her stock. Whether Slone is currently owed any additional money is uncertain.

KBA File No. 17573 contains a four-count Charge against Orr for violating (1) SCR 3.130–8.1(a) by making numerous false statements of material fact to Bar Counsel; (2) SCR 3.130–8.1(b) by failing to correct false information he provided to Bar Counsel; (3) SCR 3.130–8.3(b) by committing criminal acts when he falsified the jurat on three affidavits and misappropriated Slone's funds to cover his personal debt; and (4) SCR 3.130–8.3(c) by engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation.

A disciplinary hearing was set for December 2011; but Orr tendered a Motion to Resign Under Terms of Permanent Disbarment on October 4, 2011, to circumvent the need for a hearing. In that motion, Orr admitted his conduct violated the rules of professional conduct as described in the Charge. The KBA responds that it has no objection to the motion.

Permanent disbarment is a severe sanction. But this Court has been stern and consistent in matters related to financial misconduct by attorneys.[3] And Orr has recently received a suspension from the

---

3. *See, e.g., Kentucky Bar Ass'n v. Christian,* 320 S.W.3d 687, 691 (Ky.2010); *Kentucky Bar Ass'n v. Mathews,* 308 S.W.3d 194 (Ky.2010); and *Kentucky Bar Ass'n v. McDaniel,* 205 S.W.3d 201 (Ky.2006).

practice of law for violating rules of professional conduct because he filed fictitious credit counseling certificates in U.S. Bankruptcy Court.[4] Although Orr does not have a lengthy disciplinary history, he committed grave transgressions and acted in a manner that demonstrates his inability to adhere to the rules that govern his chosen profession.

So we agree that permanent disbarment is the appropriate penalty. For the foregoing reasons, the Court ORDERS:

1) Jimmie Green Orr Jr., KBA Member No. 85305, is guilty of all charges alleged in KBA File No. 17573;

2) Orr's Motion to Resign Under Terms of Permanent Disbarment from the Kentucky Bar Association is granted, and he is permanently disbarred from the practice of law in the Commonwealth of Kentucky;

3) Under SCR 3.450, Orr is ordered to pay all costs associated with this disciplinary proceeding, in the amount of $535.54, for which execution may issue from this Court upon finality of this Opinion and Order;

4) Under SCR 3.390, Orr must, within ten days from the date of entry of this Opinion and Order,

a) to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged;

b) notify all courts in which he has matters pending of his disbarment;

c) notify all clients, in writing, of his inability to continue to represent them and of the necessity of retaining new counsel; and

d) provide a copy of such letters to the Executive Director of the Kentucky Bar Association.

All sitting. All concur.

---

4. *Kentucky Bar Ass'n v. Orr*, 350 S.W.3d 427 (Ky.2011) (the suspension in this case ran

ENTERED: November 23, 2011.

/s/ <u>John D. Minton, Jr.</u>
CHIEF JUSTICE

concurrent with the temporary suspension in *Orr*, 336 S.W.3d 458).