TO BE PUBLISHED

# Supreme Court of Kentucky

## 2017-SC-000099-KB

FINAL
DATE 5/9/17 Kim Robinson, DC

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                                    IN SUPREME COURT


DAVID CARY FORD                                    RESPONDENT


## OPINION AND ORDER

David Cary Ford was admitted to the practice of law in the Commonwealth of Kentucky on October 19, 1988. His Kentucky Bar Association (KBA) number is 82505, and his bar roster address is 239 S. 5th St., Ste. 900, Louisville, KY 40202. The KBA's Board of Governors considered a two-count charge against Ford. The case came before the Board as a default case under SCR 3.210 after Ford failed to respond to the charge. With two members recusing, the remaining members of the Board unanimously found Ford guilty of the two charged counts. The Board also unanimously recommended this Court permanently disbar Ford.

Under SCR 3.370(7), after the Board of Governors files its decision with the Disciplinary Clerk, either Bar Counsel or the Respondent may file a notice of review with this Court. If neither party files a notice of review (as is the case here), this Court has two options: 1) under SCR 3.370(8) we may inform Bar

Counsel and Respondent that we will review the decision and order the parties to file briefs, or 2) under SCR 3.370(9) we may enter an order adopting the Board's decision. Here, we exercise our authority under SCR 3.370(9) and adopt the Board's recommendation.

## I. BACKGROUND

Ford pleaded guilty in federal court to criminal charges of fraud and money laundering. He acted as the executor of seven estates between 2008 and 2015, from which he took approximately $1.7 million for, as the Board of Governors indicated, "his personal expenses and enjoyment, as well as his significant gambling activity." The money Ford stole should have gone to charities throughout Louisville and to the decedents' families. A portion of his plea agreement in federal court included his paying restitution to the beneficiaries of these estates.

The Inquiry Commission issued a two-count charge against Ford, alleging violations of SCR 3.130-8.4(b) and (c). Specifically, the Commission alleged in Count I that Ford violated SCR 3.130-8.4(b) when he committed a criminal act reflecting adversely on his "honesty, trustworthiness, and fitness as a lawyer in other respects." It further alleged in Count II that he violated SCR 3.130–8.4(c) when he engaged in "conduct involving dishonesty, fraud, deceit or misrepresentation."

The KBA attempted to serve Ford with the complaint, and later the charge, but all attempts were unsuccessful. Service was finally completed via

2

the KBA's Executive Director under SCR 3.175(2). Ford never responded to the charge.

## II. ANALYSIS

We agree with the Board's findings that Ford is guilty of both charged counts. As to Count I, Ford pleaded guilty in federal court to wire fraud and money laundering. These crimes clearly reflect adversely on his "honesty, trustworthiness or fitness as a lawyer in other respects." As to Count II, we also agree that Ford's conduct in committing these crimes amounted to conduct "involving dishonesty, fraud, deceit or misrepresentation."

In reaching its recommended discipline in this matter, the Board considered the fact that Ford was suspended on January 15, 2016, for failing to pay his 2015–16 bar dues.

In reviewing our past disciplinary sanctions for similar ethical violations, we acknowledge that "[p]ermanent disbarment is a severe sanction. But this Court has been stern and consistent in matters related to financial misconduct by attorneys." *Orr v. Kentucky Bar Association*, 355 S.W.3d 449, 450 (Ky. 2011). Given the nature of Ford's violations and their gravity, we agree with the Board of Governors that permanent disbarment is the appropriate sanction in this case.

## III. ORDER

Agreeing that the Board's recommendation is appropriate, it is ORDERED that:

3

1. David Cary Ford is found guilty of violating the Rules of Professional Conduct as outlined above.

2. Ford is permanently disbarred from the practice of law in this Commonwealth.

3. In accordance with SCR 3.450, Ford shall pay all costs associated with these proceedings, said sum being $482.32, for which execution may issue from this Court upon finality of this Opinion and Order.

4. Under SCR 3.390, Ford shall, within ten days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Ford shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: April 27, 2017.

CHIEF JUSTICE

4