TO BE PUBLISHED

# Supreme Court of Kentucky



2017-SC-000114-KB

DATE 5/9/17 *Kim Redman, DC*

JAMES DAVID JOHNSON[1]                                          APPELLANT


V.                                    IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                APPELLEE


## OPINION AND ORDER

Movant, James David Johnson[1] admits to violating the Kentucky Rules of Professional Conduct and moves this Court to impose the sanction of permanent disbarment. The Kentucky Bar Association (KBA) has no objection to Johnson's motion.

### I. BACKGROUND

Fearing investigation by the Drug Enforcement Agency (DEA), Dr. Richard Albert paid Johnson a $10,000 retainer to represent him and his co-workers in the event the DEA raided the pain clinic where Dr. Albert dispensed pain killers. There was no written fee agreement, and Johnson did

---

[1] Johnson, whose KBA membership number is 81429, was admitted to the practice of law in Kentucky on October 22, 1985, and his bar roster address is P.O. Box 1546, Paintsville, Kentucky 41240.

not deposit the retainer in any bank account. Dr. Albert later asked Johnson to refund part of the retainer, but Johnson failed to do so.

Eventually the DEA raided the pain clinic and seized Dr. Albert's bank accounts for forfeiture. Dr. Albert withdrew around $94,000 from various accounts the next day. When Johnson informed Dr. Albert that he needed to turn the money over to him or face going to jail, Dr. Albert gave the funds to Johnson to hold in an escrow account pending a determination concerning whether they rightfully belonged to Dr. Albert or to the government. Shortly after turning over the funds to Johnson, Dr. Albert terminated Johnson's representation.

Johnson did not deposit $30,000 of this amount into any bank account, but rather kept the cash in his office. He deposited the remaining $64,000 into an escrow account, but later withdrew it, placing it in his mother's bank account until that account was closed a couple of months later. At that point, only $51,000 remained in the account, and there is no record of where that money went.

Dr. Albert was indicted for conspiring to dispense controlled substances without a legitimate medical purpose, and Johnson did not represent him in that criminal action. Dr. Albert eventually pleaded guilty and agreed to forfeit half of the funds Johnson was supposed to be holding in escrow.

1

Johnson paid the government the agreed-upon amount, but it appears that those funds came entirely from a settlement in a separate, unrelated case. Johnson did not turn over the remaining 50% of the funds to Dr. Albert. Instead, he claimed that they were part of a $50,000 non-refundable retainer fee for representing Dr. Albert and his associates. While Johnson sent the Office of Bar Counsel a letter purportedly sent to Dr. Albert acknowledging this fee, it was not signed by Dr. Albert. Johnson also failed to provide a proper accounting for the hours he allegedly spent on Dr. Albert's case, and many of the hours he claimed came after Dr. Albert terminated him.

## II. ANALYSIS

The Inquiry Commission issued a six-count charge. Count I charged Johnson with violating SCR 3.130-1.5(a) when he charged Dr. Albert an unreasonable fee. Count II charged Johnson with violating SCR 3.130-1.5(f) when he failed to have the alleged non-refundable retainer-fee agreement in a writing signed by Dr. Albert. Count III charged Johnson with violating SCR 3.130-1.15 by failing to keep Dr. Albert's funds in a trust account until the dispute was resolved and by not depositing any fees paid in advance in a trust account and withdrawing them only as they were earned. Count IV charged Johnson with violating SCR 3.130-1.16(d) by failing to return any fee he had been paid in advance after Dr. Albert terminated his representation. Count V charged Johnson with violating SCR 3.130-8.1(a) by making false statements of

2

material fact to the Office of Bar Counsel during its investigation. Count VI charged Johnson with violating SCR 3.130-8.4(c) when he engaged in conduct involving fraud, deceit, or misrepresentation.

Johnson admits to each of the rule violations encompassed in the six-count charge and seeks to terminate these proceedings by resigning under terms of permanent disbarment. He understands he cannot be reinstated to practice and will never again be permitted to practice law in the Commonwealth of Kentucky. The KBA has no objection to Johnson's motion, as it agrees the appropriate discipline in this case is permanent disbarment.

This Court agrees with the parties that permanent disbarment is the appropriate sanction in this matter. As we acknowledged in *Orr v. Kentucky Bar Association,* 355 S.W.3d 449, 450 (Ky. 2011): "Permanent disbarment is a severe sanction. But this Court has been stern and consistent in matters related to financial misconduct by attorneys." Given the extent of Johnson's ethical violations involving his client's funds, we have no problem enforcing the severe sanction he moves this Court to impose.

### III. ORDER

Based on his admitted ethical violations, Johnson requests that this Court grant him leave to resign from the KBA under terms of permanent disbarment. We agree that Johnson's motion to withdraw his membership is appropriate under SCR 3.480(3). Therefore, it is hereby ORDERED that:

3

1. James David Johnson is permanently disbarred from the practice of law; and

2. In accordance with SCR 3.450, Johnson shall pay all costs associated with these proceedings, said sum being $194.80, for which execution may issue from this Court upon finality of this Opinion and Order; and

3. Under SCR 3.390, Johnson shall, within ten days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Johnson shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: April 27, 2017.

_____
CHIEF JUSTICE

4