TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0261-KB

IN RE: CHRISTOPHER JAMES MILLS

IN SUPREME COURT

## OPINION AND ORDER

Christopher James Mills moves this Court, pursuant to Supreme Court Rule (SCR) 3.480(2), to impose a negotiated sanction of a probated suspension with conditions for his violation of the Rules of Professional Conduct. The Kentucky Bar Association (KBA) has no objection to Mill's motion. For the following reasons, the motion is granted, and the following sanctions imposed.

## I.     FACTS

Mills was admitted to the practice of law in this Commonwealth on May 1, 2009. His KBA membership number is 92926. His bar roster address is listed as 201 Court Square, PO Box 568, Barbourville, Kentucky 40906.

In early May of 2021, Summer Valladares Williams, a Florida resident, hired Mills to help with resolving ownership of a piece of property in Knox County that had belonged, in part, to her late father who died intestate. Mills suggested filing a quiet title action. They agreed to a fee of $4,000.00 for the quiet title action, which Williams paid him on June 1, 2021. Mills performed a title search and visited the property before realizing that Williams had not probated her father's estate, which he advised her to do. They agreed on a fee of $1,000.00 for

the probate actions to be paid in installments. Mills prepared probate forms and emailed them to Williams. On July 2, 2021, Williams traveled to Kentucky from Florida to visit the property and found an oil well. Mills and Williams exchanged several emails that month, resulting in her signing probate documents for her father's estate.

On August 17, 2021, Williams paid Mills the first installment of $250.00 towards the cost of the probate action. Williams emailed Mills on August 18, 2021, and asked him to check the property for squatters because she was concerned that someone was illegally removing minerals from the property. Movant visited the property a second time on September 11, 2021, and saw no squatters but he did not see the oil well.

Mills filed the probate actions on December 12, 2021. In April of 2022, Williams emailed him twice asking for updates but did not receive a response. On April 28, 2022, Mills emailed Williams asking her to sign documents so that he could proceed with the Master Commissioner's sale of her late father's property. Williams responded that she did not want the property sold and wanted to proceed with the quiet title action as soon as possible. Mills continued with the probate action by preparing affidavits of descent and a deed but never filed a quiet title action.

Williams emailed Mills on July 14, 24, and 26, 2022. She received a response on July 27, 2022. Williams also emailed Mills on August 24, 2022; September 1, 6, 15, and 23, 2022; and October 3, 2022, without receiving a response.

2

On October 4, 2022, Mills attended court to finalize the probate of Williams' father's estate. The following day, Williams executed a deed conveying the property from the estate to herself. Mills recorded the deed and the affidavits of descent on October 13, 2022, and mailed copies to Williams. She emailed Mills asking for a tracking number for the documents Mills had mailed to her. Mills did not respond. Williams emailed Mills again on January 5, 2023, asking for a refund for the quiet title actions that Mills never filed.

Prior to filing the complaint, Williams attempted to reach a resolution with Mills. Williams emailed him on January 5, 2023, asking Mills to refund $3,250.00 of the amount she paid for the quiet title action and giving him permission to apply $750.00 of the amount she paid to the unpaid balance she owed for the probate action. Mills did not respond. Williams filed a bar complaint on January 25, 2023. In Mills' response, he referred to an email dated April 28, 2022, from Williams wherein she agreed that she would not owe him any additional money.

In Williams' supplemental comments, she attached her original April 28, 2022, email. There were several significant alterations to the copy which Mills sent to the Office of Bar Counsel. Mills added (1) language indicating that he and Williams previously discussed proceeding with a Master Commissioner's sale and (2) language indicating that Williams would not owe him anything further. Mills also deleted the language regarding the $4,000.00 payment for the quiet title action and changed the language regarding who discovered the oil well on the property.

As a result of the ensuing Bar complaint, the KBA Inquiry Commission charged Mills with violations of SCR 3.130(1.3) (failure to act with diligence and promptness); SCR 3.130(1.4)(a) (failure to keep his client reasonably informed and failure to comply with reasonable requests for information); SCR 3.130(1.16)(d) (failure to return unearned fees when the representation terminated); and SCR 3.13(3.3)(a) (knowingly making a false statement of fact to a tribunal or offering evidence which the lawyer knows to be false).

Mills admits to all charges. Mills requests that this Court impose a thirty-day suspension, probated for one year subject to conditions, including successful completions of the Ethics and Professionalism Enhancement Program (EPEP) offered by the KBA Office of Bar Counsel, and restitution in the amount of $3,250.00 to Summer Valladares Williams.

## II. ANALYSIS

Pursuant to SCR 3.370(10), Mills and the KBA have agreed to a negotiated sanction of a 30-day suspension, probated for one year subject to conditions. As support for its negotiated sanction the KBA cites a number of cases involving violations of some of the same provisions of the Rules of Professional Conduct in which this Court has imposed similar discipline upon attorneys.

In *Kentucky Bar Ass'n v. Edwards*, 123 S.W.3d 912 (Ky. 2004), this Court issued a conditional public reprimand against an attorney for violating SCR 3.130(1.3), SCR 3.130(1.4) (a) and (b), SCR 1.130(1.16)(d), and SCR 3.130(3.2). *Id.* at 913. The attorney failed to serve the defendant in a personal

4

injury case for over a year; failed to give his client timely notice of his scheduled deposition; and failed to appeal the summary judgment against his client or notify him of the adverse ruling until the time to file an appeal had passed. *Id.* at 912-13. This Court's order granted the Office of Bar Counsel (OBC) permission to request that the sanction be converted to a 45-day suspension if the attorney violated any of this Court's conditions. *Id.* at 013-14. Mills violated three of the same Rules as Edwards, although his conduct did not cause the same degree of potential harm to his client; however, the fact that Mills submitted false evidence to the Inquiry Commission requires a more severe sanction than a public reprimand.

In *Price v. Kentucky Bar Association*, 677 S.W.3d 465 (Ky. 2023), this Court imposed a thirty-day suspension, probated for one year, on an attorney whose violations included SCR 3.130(1.3) and SCR 1.310(1.4)(a)(3). *Id.* at 468-69. Price was also charged with violating SCR 3.130(8.4)(c) for misrepresentations he made to his client, as well as to the Department of Veterans Affairs' Office of General Counsel which was pursuing a lien against his client's settlement proceeds. *Id.* at 467. This Court noted that Price, like Mills, had no prior discipline; admitted to all counts of the charges against him; took responsibility for his conduct; and cooperated with the consensual discipline process. *Id.* at 468.

This Court has previously suspended attorneys who violated SCR 3.120(3.2)(a) as Mills did here. In *Kentucky Bar Ass'n v. Orr*, 350 S.W.3d 427, (Ky. 2011), this Court imposed a 61-day suspension for violating SCR

5

3.130(3.3)(a)(2), SCR 3.130(3.3)(a)(3), and one count of engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation after Orr created and filed fictitious credit counseling certificate without his client's knowledge in a bankruptcy case. *Id.* at 427. His fraud upon the court lasted for weeks before he finally admitted that the Bankruptcy Trustee's suspension of the false document was well-grounded. *Id.* In his report to the Kentucky Bar Association Board of Governors, the Trial Commissioner found that Orr's conduct was of a character which brings the legal profession into disrepute. *Id.* at 429.

Finally, in *Kentucky Bar Association v. Smith*, 671 S.W.3d 277 (Ky. 2023), this Court accepted the Board's recommendation of a three-year suspension, retroactively applied to the date on which the Inquiry Commission issued the charge, for violating SCR 3.130(3.3)(a)(1), SCR 3.310(3.3)(a)(2), SCR 3.130(8.4)(c), and SCR 3.130(3.4)(c). *Id.* at 281. In order to avoid suspension of her law license for failure to earn enough continuing legal education, Smith filed an Emergency Motion for Revocation of Suspension with this Court on February 4, 2019. *Id.* at 278. She attached a falsified certificate of attendance at a Kentucky Law Update to an equally fraudulent affidavit filed in support of her motion. *Id.* In her Answer to the Inquiry Commission Charge, issued on November 4, 2019, she denied any wrongdoing. *Id.*

Unlike the attorneys in *Orr* and *Smith*, Mills has admitted that his sanctions violated the Kentucky Rule of Professional Responsibility; has engaged with Office of Bar Counsel in negotiating a mutually acceptable

6

sanction; and has accordingly filed a motion asking this Court to impose said negotiated sanction without objection.

Having reviewed the record and relevant caselaw, we agree that a 30-day suspension, probated for one year subject to conditions is an appropriate sanction.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Mills has violated SCR 3.130(1.3), 1.130(1.4)(a), 1.31(1.16)(d), and 3.130(3.3)(a).

2. Mills will be suspended for a period of thirty (30) days, that suspension to be probated for one year subject to the conditions defined below.

3. Mills shall not commit any crimes, including misdemeanors or felonies, or have any further disciplinary cases.

4. Mills shall timely pay his Kentucky Bar Association dues.

5. Mills shall satisfy all continuing legal education requirements.

6. Mills shall attend, at his expense, the Ethics and Professional Enhancement Program (EPEP), separate and apart from his fulfillment of any other continuing legal education requirements, within twelve months after entry of this Order.

7. Mills shall complete EPEP by passing the exam given at the end of the program.

8. Mills shall not attempt to claim any CLE credit for attending EPEP.

9. Mills shall pay restitution in the amount of $3,250.00 to Summer Valladares Williams. He is directed to pay a minimum of $300.00 towards this total every month beginning thirty days (30) after entry of this Order. Further, Mills shall provide contemporaneous proof, in the form of copies of the payment instrument, to the Office of Bar Counsel. Restitution must be paid in full prior to the termination of the one-year probation period.

If Mills violates any of the terms of probation stated in this Order within one year of the date of this Order, or receives a charge of professional misconduct during the one-year probationary period, the Office of Bar Counsel may file a motion with the Court requesting the issuance of a show-cause order directing Mills to show cause, if any, as to why the thirty-day suspension should not be imposed. If, at the expiration of the one-year probationary period, Mills has complied with the above terms, the suspension and all terms of his probation shall be terminated.

All sitting. VanMeter, C.J.; Bisig, Conley, Keller, and Nickell, JJ., concur. Thompson, J., concurs in result only. Lambert, J., dissents without opinion.

ENTERED: AUGUST 22, 2024

_____
CHIEF JUSTICE

8