**INQUIRY COMMISSION, Complainant,**

v.

**David K. LAYTON Respondent.**

**No. 2000–SC–0692–KB.**

Supreme Court of Kentucky.

Oct. 26, 2000.

---

### ORDER OF TEMPORARY SUSPENSION

Pursuant to SCR 3.165, the Inquiry Commission petitions this Court to enter an order temporarily suspending the respondent, David K. Layton, from the practice of law in the Commonwealth of Kentucky. The Inquiry Commission alleges probable cause exists to believe that Layton, of Lancaster, Kentucky, and who was admitted as a Member of the Kentucky Bar Association on August 1, 1971, has misappropriated for his own use funds belonging to others he held while acting as Master Commissioner of the Garrard County Circuit Court or has otherwise improperly dealt with funds and that, unless an order of temporary suspension is issued, a real and present danger exists to the public. *See* SCR 3.165(1)(a) & (b).

After a review of the Inquiry Tribunal's Petition for Temporary Suspension, Layton's Response, and the documentation supporting each pleading, this Court finds probable cause to believe that Layton "is

or has been misappropriating funds the attorney holds for others to his/her own use or has been otherwise improperly dealing with said funds," SCR 3.165(1)(a) and that Layton's "conduct poses a substantial threat of harm to his clients or to the public." SCR 3.165(1)(b).

IT IS THEREFORE ORDERED THAT:

1. David K. Layton is temporarily suspended from the practice of law in this Commonwealth effective this date and until superseded by subsequent order.

2. Disciplinary proceedings against Layton shall be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless Layton resigns under terms of disbarment.

3. Pursuant to SCR 3.165(5), Layton shall, within twenty days of the date of entry of this order, notify all clients in writing of his inability to continue to represent them and shall furnish copies of such letters of notice to the Director of the Kentucky Bar Association.

4. Pursuant to SCR 3.165(6), Layton shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

All concur.

Entered: October 26, 2000

/s/ Joseph E. Lambert
CHIEF JUSTICE