INQUIRY COMMISSION, Movant,

v.

David Alan FRIEDMAN, Respondent.

No. 2009–SC–000801–KB.

Supreme Court of Kentucky.

Aug. 26, 2010.

## OPINION AND ORDER

Pursuant to SCR 3.165, the Inquiry Commission of the Kentucky Bar Association (KBA) petitions this Court for an order temporarily suspending David Alan Friedman from the practice of law and to supplement said petition in order to provide additional grounds in support thereof. Friedman's KBA number is 23613 and his bar roster address is 325 W. Main Street, Suite 150, Louisville, Kentucky 40202. For the following reasons, we grant the Commission's petition for temporary suspension and its motion for leave to supplement said petition.

In the fall of 2009, the KBA received two bar complaints against Friedman alleging that he had converted to his own use tens of thousands of dollars of an award which he knew he should have promptly provided to his clients. Both complaints arise from Friedman's representation of both Ronald Barber and Sarah L. Cunningham. The clients engaged Friedman on an hourly basis to file suit against their former employer, Louisville and Jefferson County Metropolitan Sewer District (MSD), and the clients agreed to share any resulting statutory attorney fees award.[1]

At the conclusion of trial, Cunningham was denied any damages but Barber received an award of $35,000 and an attorney fees award of $99,655.65, totaling, with interest, $138,359.85. MSD, the defendant, paid the award to Friedman by early March of 2009 and, on March 11, 2009, Friedman filed an Acknowledgement of Satisfaction indicating that the plaintiffs, Barber and Cunningham, had been paid by MSD. After deducting additional fees owed, the total balance due was $115,069.04, with $72,804.52 due to Barber and $42,804.52 due to Cunningham.

Attached to the Commission's petition is Cunningham's lengthy affidavit detailing how Friedman failed to timely remit to either her or Barber the award to which he knew they were entitled. Between the months of March and September, the Commission identifies up to twelve separate correspondences between Friedman and the clients where Friedman repeatedly misrepresented the reasons for the delayed payment, most often implying that he had yet to receive the entirety of the award and was still awaiting payment.[2] Eventually, however, on September 23, 2009, Cunningham confronted Friedman after discovering that he filed a satisfaction of the award in March. In that conversation, Friedman admitted that he had wrongly spent the balance of his clients' award in an effort to remedy various personal obligations, such as his mortgage, taxes, and payroll. Though he claimed he would repay the entire amount in an effort to remedy what he called a "disbarable offense," Friedman did not do so until November 19, 2009, after both of the underlying bar complaints were filed.

Based on this conduct, the Commission petitions this Court to temporarily suspend Friedman from the practice of law because he poses a substantial threat of harm to the public. Pursuant to SCR 3.165(1)(b), "an attorney may be temporarily suspended from the practice of law by order of the Court provided ... [i]t appears that probable cause exists to believe that an attorney's conduct poses a substantial threat of

1. The case being tried under 42 U.S.C. § 1988, Barber, as a prevailing party, was entitled to an attorney fees award. *See Riley v. Kurtz*, 361 F.3d 906, 914–16 (6th Cir.2004).

2. Friedman made only a partial disbursal of the award in May of 2009 to Cunningham in the amount of $12,500, indicating that he disbursed $42,500 to Barber.

harm to his clients or the public."[3]

In its motion for leave to supplement its petition for temporary suspension (to which Friedman filed no response), the Commission provides additional grounds for Friedman's temporary suspension. On March 29, 2010, after filing its petition for temporary suspension on December 7, 2009, the KBA received the affidavit of Jefferson Family Court Judge Paula Sherlock which recounted another instance of alleged theft on the part of Friedman and provides further grounds for temporary suspension under SCR 3.165(1)(b), as such "conduct poses a substantial threat of harm to his clients or to the public."

In response to the Commission's petition, Friedman acknowledges that his conduct regarding the receipt and distribution of his clients' award and his related communications fell below that required of an attorney under the Rules of Professional Conduct. However, he argues that this was an isolated and aberrant event justifying leniency, noting that he does not maintain an escrow account or demand retainers. In lieu of suspension, Friedman states that he would agree to forgo new representation.

Yet, given the volume of evidence submitted by the Commission detailing Friedman's egregious conversion of client funds and misrepresentations, we are convinced that probable cause exists to believe that he poses a substantial threat of harm to his clients or the public warranting his temporary suspension under SCR 3.165(1)(b).

Therefore, it is hereby ORDERED that:

1.  The Inquiry Commission's Motion for Leave to File Supplement to Petition for Temporary Suspension is GRANTED;

2.  David Alan Friedman is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective upon the date of entry of this order, pending further orders from this Court;

3.  Disciplinary proceedings against Friedman shall be initiated by the Commission pursuant to SCR 3.160, unless already begun or unless Friedman resigns under terms of disbarment;

4.  Pursuant to SCR 3.165(5), Friedman shall, within twenty (20) days from the date of entry of this order, notify all clients in writing of his inability to continue to represent them. He shall furnish copies of all such letters to the Director of the Kentucky Bar Association; and

5.  Pursuant to SCR 3.165(6), Friedman shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

MINTON, C.J.; CUNNINGHAM, SCHRODER, SCOTT, VENTERS, JJ., and Special Justice THOMPSON and Special Justice CASHEN concur. ABRAMSON and NOBLE, JJ., not sitting.

ENTERED: August 26, 2010.

/s/ John D. Minton, Jr.
    Chief Justice

---

**3.** The Commission also cites SCR 3.165(1)(d) as grounds for Friedman's temporary suspension but provides no evidence in its petition demonstrating that Friedman "is mentally disabled or is addicted to intoxicants or drugs" such that "probable cause exists to believe he/she does not have the physical or mental fitness to continue to practice law."