**David Alan FRIEDMAN, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2012–SC–000056–KB.**

Supreme Court of Kentucky.

April 26, 2012.

As Corrected May 24, 2012.

---

### OPINION AND ORDER

David Alan Friedman, KBA No. 23613, was admitted to the practice of law in Kentucky on January 30, 1984 and his bar roster address is 325 W. Main Street, Suite 150, Louisville, Kentucky 40202. Friedman admits to violating several rules of professional conduct and thus moves this Court to impose the sanction of permanent disbarment. The KBA has no objection.

### I. BACKGROUND

The Inquiry Commission charged Friedman with eight counts of misconduct based upon two KBA files and then issued an order consolidating the files on November 10, 2010. Friedman admits to six of the violations, but contends that the other two violations should be dismissed. We review the facts of each file in turn.

#### A. KBA File 18157

In the fall of 2009, the KBA received two bar complaints against Friedman alleging that he had converted to his own use tens of thousands of dollars of an award that he knew he should have

promptly provided to his clients. Both complaints arose from Friedman's representation of Ronald Barber and Sarah L. Cunningham. The clients engaged Friedman on an hourly basis to file suit against their former employer, Louisville and Jefferson County Metropolitan Sewer District (MSD), and paid his fees throughout the litigation. The clients agreed that they would share any attorney's fees awarded as a result of the suit.

At the conclusion of trial, Cunningham was denied any damages, but Barber received $35,000 in damages and $99,655.65 in attorney's fees, totaling, with interest, $138,359.85.[1] MSD subsequently paid the award to Friedman by early March 2009 and, on March 11, Friedman filed an Acknowledgment of Satisfaction indicating that Barber and Cunningham had been paid by MSD. After deducting additional attorney's fees Cunningham and Barber agreed were owed to Friedman, the total balance was $115,069.04, with $72,804.52 due to Barber and $42,804.52 due to Cunningham. However, Friedman failed to remit the entirety of the award to Barber and Cunningham.[2] In fact, between the months of March and September of 2009, Friedman communicated with one or both of the clients twelve times, often implying that he had yet to receive the entirety of the award and was still awaiting payment.[3]

In late September, Cunningham confronted Friedman after discovering that he had filed the Acknowledgement of Satisfaction in March. Friedman admitted that he had wrongfully spent the balance of his clients' award because he was having financial problems. On October 8, 2009, Friedman paid $7,500 each to Barber and Cunningham, and then paid the remaining balance owed to both clients on November 19.

Based on the foregoing, the Inquiry Commission charged that Friedman engaged in four counts of professional misconduct on August 9, 2010.[4] In Count I, the KBA charged Friedman with violating former SCR 3.130–1.15(b), which provided that, "[u]pon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client ... [and] promptly deliver to the client ... any funds or other property that the client or third person is entitled to receive...."[5] According to the KBA, Friedman violated this rule by failing to promptly notify his clients when he received the award of attorney's fees in March 2009 and/or by failing to provide to them the funds which they were immediately entitled to receive. Count II charged him with violating former SCR 3.130–8.3(b), which provided that it is professional misconduct for a lawyer to

1. Because the case was being tried under 42 U.S.C. § 1988, Barber, as a prevailing party, was entitled to an award of attorney's fees. *See Riley v. Kurtz*, 361 F.3d 906, 914–916 (6th Cir.2004).

2. Friedman made only a partial disbursal of the award in May of 2009 to Cunningham in the amount of $12,500, and to Barber in the amount of $42,500.

3. For instance, on April 20, 2009, Friedman sent an e-mail to Barber and Cunningham stating that he'd "received a chunk of the MSD money (but not all, for reasons de-

scribed below)." Friedman then went on to claim that there had been a calculation error in the judgment and that the defendant had filed a motion to correct or alter.

4. We also note that, on August 26, 2010, we concluded that probable cause existed to believe that Friedman posed a substantial threat of harm to his clients or the public and thus temporarily suspended him pursuant to SCR 3.165(1)(b).

5. SCR 3.130–1.15(b) was modified effective July 15, 2009. However, the relevant portion of the rule has not changed.

"[c]ommit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects."[6] According to the KBA, Friedman violated this rule by converting to his own use and stealing a portion of the funds he received in March 2009 which should have been timely provided to his clients. Count III charged him with violating former SCR 3.130–8.3(c), which stated that it is professional misconduct for a lawyer to "[e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation."[7] According to the KBA, Friedman violated this rule by converting to his own use a portion of the March 2009 award which should have been provided to his clients, and by his repeated misrepresentations to his clients regarding the status of their funds. Finally, Count IV charged him with violating SCR 3.130–8.4(c), which states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." According to the KBA, Friedman violated this rule by the same conduct as set forth in Count III.[8]

Friedman now acknowledges that he violated the rules set forth in Counts I, III, and IV. However, although he admits that he converted to his own use a portion of the funds that his clients were entitled to receive, Friedman contends that Count II should be dismissed because his conduct did not constitute "stealing," and the KBA has no objection.

### B. KBA File 18523

On March 29, 2010, the KBA received an affidavit from Jefferson Family Court Judge Paula Sherlock, which alleged another instance of conversion on the part of Friedman. In 2006, Friedman represented Judge Sherlock in defense of a lawsuit regarding her election. Because she had paid Friedman and/or his law firm attorney's fees throughout his representation, any attorney's fees recovered belonged to Judge Sherlock—not Friedman.

The lawsuit was ultimately dismissed and the opposing party was ordered to pay Judge Sherlock's attorney's fees as a sanction. As a result, the opposing party made three payments toward the award of attorney's fees, all of which were payable to Friedman: (1) $1,600 in March of 2009; (2) $1,200 in June 2009; and (3) $1,200 in August 2009.

Friedman thereafter provided the March and June payments to Judge Sherlock. However, Friedman endorsed and cashed the August 2009 check; he did not endorse the check over to Judge Sherlock, provide it to her in any way, notify her of its receipt, or even hold the funds in an account separate from his own property. Friedman subsequently provided the funds to Judge Sherlock in March 2010 after his former law firm discovered the irregularity.

Based on the foregoing, the Inquiry Commission charged that Friedman engaged in four counts of professional misconduct on August 17, 2010.[9] In Count I, the KBA charged Friedman with violating SCR 3.130–1.15(a), which states that "[a] lawyer shall hold property of clients ... that is in a lawyer's possession in connection with a representation separate from the lawyer's own property." According to

---

6. SCR 3.130–8.3(b) was renumbered SCR 3.130–8.4(b) effective July 15, 2009.

7. SCR 3.130–8.3(c) was renumbered SCR 3.130–8.4(c) effective July 15, 2009.

8. It is unclear why the Inquiry Commission charged Friedman with violating both former SCR 3.130–8.3(c) and current SCR 3.130–8.4(c), as these rules prohibit the same conduct. *See supra* note 3.

9. *See supra* note 4.

the KBA, Friedman violated this rule by failing to deposit the August 2009 check for $1,200 into a separate account. Count II charged Friedman with violating SCR 3.130–1.15(b), which states that "[u]pon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client . . . [and] promptly deliver to the client . . . any funds or other property that the client or third person is entitled to receive. . . ." According to the KBA, Friedman violated this rule by failing to promptly notify Judge Sherlock in August 2009 of the receipt of the $1,200 check and/or by failing to provide those funds to her which she was then immediately entitled to receive. Count III charged Friedman with violating SCR 3.130–8.4(b), which states that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." According to the KBA, Friedman violated this rule by converting to his own use the portion of the August 2009 award that should have been timely provided to Judge Sherlock. Finally, Count IV charged Friedman with violating SCR 3.130–8.4(c), which states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." According to the KBA, Friedman violated this rule by the same conduct as set forth in Count III.

Friedman now acknowledges that he violated the rules set forth in Counts I, II, and IV. However, Friedman contends that Count III should be dismissed because his negligent handling of a portion of funds due Judge Sherlock did not constitute a criminal act as set forth in SCR 3.130–8.4(b), and the KBA has no objection.

## II. DISCIPLINE

In an effort to take personal responsibility for the ethics violations discussed herein, Friedman requests this Court grant him leave to resign from the KBA under terms of permanent disbarment.[10] Agreeing that the discipline proposed in Friedman's motion is appropriate, it is ORDERED that:

1. David Alan Friedman is permanently disbarred from the practice of law;

2. Count II of the Charge in KBA File 18157 and Count III of the Charge in KBA File 18523 are dismissed;

3. In accordance with SCR 3.450, Friedman shall pay all costs associated with these proceedings, said sum being $305.07, for which execution may issue from this Court upon finality of this Opinion and Order.

4. Pursuant to SCR 3.390, Friedman shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to. the extent possible, Friedman shall immediately cancel and cease any advertising activities in which he is engaged.

---

10. Although he does not believe that his mitigating circumstances would "excuse or relieve him" of his admitted violations, Friedman notes that, until 2009, there had been no attorney disciplinary proceedings brought concerning him, and that he has served for twenty five years as the unpaid general counsel for the American Civil Liberties Union of Kentucky.

MINTON, C.J., CUNNINGHAM, SCHRODER, SCOTT, VENTERS, JJ., J. LARRY CASHEN and AMANDA POPE THOMPSON, Special Justices, concur.

ABRAMSON and NOBLE, JJ. not sitting.

ENTERED: April 26, 2012.

/s/ John D. Minton
    Chief Justice