S13Y0135. IN THE MATTER OF DAVID ALAN FRIEDMAN.
(737 SE2d 689)

PER CURIAM.

This reciprocal discipline case is before the Court on the Report and Recommendation of the Review Panel, recommending that David Alan Friedman (State Bar No. 277550) be disbarred following the opinion granting Friedman's request to impose the sanction of permanent disbarment in the State of Kentucky. See *Friedman v. Kentucky Bar Assn.*, 365 SW3d 207 (Ky. 2012). We previously suspended Friedman on an indefinite basis following his earlier suspension in Kentucky. See *In the Matter of Friedman*, 289 Ga. 214 (710 SE2d 144) (2011); *Inquiry Comm. v. Friedman*, 317 SW3d 586 (Ky. 2010).

In this matter, the State Bar filed a notice of reciprocal discipline to which it attached a certified copy of the opinion of the Supreme Court of Kentucky in accordance with Rule 9.4 (b), as amended, of the Georgia Rules of Professional Conduct set forth in Bar Rule 4-102 (d). Friedman acknowledged service of the notice of reciprocal discipline, but did not file any response. In its most recent opinion, the Supreme Court of Kentucky outlined six counts of misconduct based on Friedman's admission that he failed to properly account for, or distribute to his clients, tens of thousands of dollars of funds they were entitled to receive and that he made repeated misrepresentations to those clients about the status of their funds. Recognizing Friedman's effort to take personal responsibility for his actions, the Supreme Court of Kentucky accepted his request that he be sanctioned with permanent disbarment and permanently disbarred Friedman from the practice of law in the State of Kentucky.

The Review Panel, after reviewing the face of the record and the elements listed in Rule 9.4 (b) (3) to determine if imposition of a different punishment was required, has recommended that Friedman be disbarred. We have reviewed the record and agree that disbarment is the appropriate punishment. Accordingly, the name of David Alan Friedman hereby is removed from the rolls of persons authorized to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JANUARY 22, 2013.

*Paula J. Frederick, General Counsel State Bar, Carmen R. Rafter, Assistant General Counsel State Bar,* for State Bar of Georgia.