TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000192-KB

INQUIRY COMMISSION                                                          MOVANT

V.                                   IN SUPREME COURT

JOHN GREENE ARNETT, JR.                                          RESPONDENT
KBA MEMBER NO. 01745

## OPINION AND ORDER

The Kentucky Bar Association Inquiry Commission petitions this Court to enter an order temporarily suspending John Greene Arnett, Jr. ("Respondent") from the practice of law pursuant to Supreme Court Rule ("SCR") 3.165(1)(a) and (b) until such time as the merits of a disciplinary proceeding can be determined. In support thereof, the Inquiry Commission claims that Respondent has misappropriated or otherwise improperly dealt with funds held in trust on behalf of his clients. Respondent's KBA member number is 01745 and his bar roster address is 6900 Houston Road, Building 600, Suite 23, Florence, Kentucky 41022.

The Inquiry Commission sought Respondent's temporary suspension after obtaining a bar complaint filed by Linda Tally Smith, the Commonwealth's Attorney for Gallatin and Boone Counties. Ms. Smith has since provided this

Court with a detailed affidavit listing the factual circumstance giving rise to this petition.

The facts, according to Ms. Smith, are as follows. In February of 2012, Robert Shane Hamblin retained Respondent to represent him in a divorce proceeding in the Boone Circuit Court, Case No. 12-CI-00361. The following month, Mr. Hamblin provided Respondent with $75,000 in marital funds to be held in trust pending division of the couple's assets. Respondent placed these funds in his IOLTA Account held at Fifth Third Bank (the "Trust Account"). As part of the divorce settlement, the trial court ordered Mr. Hamblin to pay his ex-wife $37,500. Accordingly, Mr. Hamblin instructed Respondent to release to him the funds Respondent was purportedly holding in trust. Respondent, however, refused to disburse the funds to either Mr. Hamblin or his ex-wife.

In November of 2012, Mr. Hamblin retained local attorney Ryan Beck to finalize the divorce proceedings. After learning that Mr. Hamblin had been unable to recover his $75,000, Mr. Beck informed Ms. Smith of Respondent's actions. Ms. Smith in turn requested Detective Joshua Quinn of the Boone County Sheriff's Department investigate the matter. Detective Quinn obtained the Trust Account records which revealed that the account had been completely depleted. As of the filing of this petition, Mr. Hamblin's funds have not been located.

Ms. Smith's affidavit also alleges that Respondent has misappropriated funds of other clients. To be more specific, Ms. Smith stated that the Trust Account records reflected that, between February 1, 2012 and November 30,

2013, 105 checks or withdrawal slips made payable to Respondent were executed totaling $178,315. Therefore, it appears Respondent withdrew funds that were to be held in trust for his clients and converted these funds to his own personal use. Furthermore, several of Respondent's former clients have since complained to the Boone County Sheriff's Department that Respondent failed to promptly provide them with their respective settlement funds. Respondent allegedly advised these former clients that he would retain their individual settlements for a period of ten years. As of the time of the petition's filing, Detective Quinn has been unable to locate the clients' settlement funds. Notably, however, no one other than Mr. Hamblin has been identified as a victim to Respondent's alleged misappropriation.

The Inquiry Commission is clearly in the early stages of its investigation. Indeed, Ms. Smith and Detective Quinn are still in the process of identifying Respondent's many accounts, obtaining the records of those accounts, and uncovering potential victims. Ms. Smith explained that her office is planning on seeking a formal indictment in the near future. In the meantime, the Inquiry Commission seeks suspension of Respondent's license to practice law while it gathers the information needed to prepare a complete and all-encompassing Charge.

SCR 3.165 is the rule governing temporary suspensions. This rule states, in pertinent part, the following:

> (1) On petition of the Inquiry Commission . . . an attorney may be temporarily suspended from the practice of law [when] . . . (a) It appears that probable cause exists to believe that an attorney is or has been misappropriating funds the attorney

3

holds for others to his/her own use or has been otherwise improperly dealing with said funds; or (b) It appears that probable cause exists to believe that an attorney's conduct poses a substantial threat of harm to his clients or to the public . . . .

After reviewing the petition and Ms. Smith's affidavit, we believe the Inquiry Commission has supplied us with a reasonable basis to believe that Respondent misappropriated, at the very least, Mr. Hamblin's $75,000. *See Inquiry Comm'n v. Sexton,* 102 S.W.3d 512 (Ky. 2003) (concluding that temporary suspension pursuant to SCR 3.165(1)(a) was appropriate partially due to the attorney's failure to disburse funds obtained from a settlement agreement). Considering that Respondent has failed to discredit the petition in any way and has not even provided a simple explanation regarding the whereabouts of Mr. Hamblin's funds, we must conclude that probable cause exists warranting temporary suspension pursuant to subsection (1)(a) of SCR 3.165.

In regards to subsection (1)(b) of SCR 3.165, this Court has consistently held that proof of an attorney's misappropriation of client funds may also provide the Court with probable cause to believe that the attorney poses a substantial threat of harm to his or her clients or the public. *See, e.g., Inquiry Comm'n v. Layton,* 53 S.W.3d 70 (Ky. 2000) (finding probable cause to believe that an attorney poses a substantial threat of harm to his clients or the public based on his misappropriation of client funds). Moreover, this Court has suspended attorneys pursuant to 3.165(1)(b) based exclusively on evidence that the attorney placed his or her client's funds into a trust account after

which that specific account was depleted without the client's knowledge or permission. *See Inquiry Comm'n v. Friedman*, 317 S.W.3d 586 (Ky. 2010) (ruling that an attorney posed a substantial threat of harm to his clients and the public after discovering that he deposited his clients' settlement funds into a bank account which he subsequently emptied without the client's knowledge); *Kentucky Bar Ass'n v. Shelburne*, 918 S.W.2d 735 (Ky. 1996) (stating that an attorney who misappropriated his client's money by depleting the trust account in which the money was held, posed "a real and present danger . . . to the public."). Therefore, given the nature of Respondent's actions and based on the number of potential victims the investigation will yield, we find that Respondent poses a substantial threat of harm to his clients and the public.

In summation, this Court concludes that there is probable cause to believe Respondent "has been misappropriating funds [that he] holds for others to [his] own use or has been otherwise improperly dealing with said funds," and that his particular "conduct poses a substantial threat of harm to his clients or to the public." SCR 3.165(1)(a)-(b). Consequently, the Inquiry Commission's petition for temporary suspension is granted.

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) Respondent is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective upon the date of entry of this order, pending further orders from this Court;

5

(2) Disciplinary proceedings against Respondent may be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or Respondent resigns under terms of disbarment;

(3) Pursuant to SCR 3.165(5), Respondent shall, within twenty (20) days from the date of the entry of this Opinion and Order, notify in writing all clients of his inability to provide further legal services and furnish the Director of the Kentucky Bar Association with copies of all such letters;

(4) Pursuant to SCR 3.165(6), Respondent shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: August 21, 2014.

_____
CHIEF JUSTICE