TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0506-KB

INQUIRY COMMISSION                                                    MOVANT

V.                              IN SUPREME COURT

JAMES CAROL WORTHINGTON                                    RESPONDENT

## OPINION AND ORDER

This case is before the Court upon the Inquiry Commission's Petition for Temporary Suspension from the practice of law pursuant to SCR 3.165(1)(a) and (b). James Worthington's KBA number is 88330. The Commission filed the petition on November 8, 2023. Worthington submitted his response on December 7, 2023, but it was not filed until January 2, 2023, after an extension of time was granted by this Court.

The Commission's petition details that Worthington drafted and made himself trustee of the Wayne Jones Trust. Subsequent counsel for the trust, Thomas Miller, found discrepancies in the accounting and asked Worthington about them. Worthington admitted to misappropriating funds totaling $184,098.95. An agreement was entered into on December 31, 2020, acknowledging Worthington's debt and agreement to repay said funds. Worthington has apparently failed to abide by the terms of the agreement.

Worthington was also executor and attorney for the Estate of Clarence Stuber. When Worthington was replaced as executor, discrepancies were

discovered involving $151,000 in withdrawals that are not presently accounted for. The new executors filed a civil action against Worthington, alleging malpractice either for negligent withdrawals or fraudulent withdrawals. Worthington has denied wrongdoing in that case, but documentary evidence shows that Worthington made several withdrawals between June 2021-22, totaling $151,690.

The Inquiry Commission argues that probable cause exists to believe that Worthington has been or is misappropriating client funds by the acknowledgment of the debt and subsequent failure to repay involving the Jones Trust, as well as the unaccounted-for funds of approximately $150,000 from the Stuber Estate. The Commission also argues that probable cause exists to believe Worthington poses a substantial threat to his clients or the public because Worthington's alleged conduct is not an isolated incident.

Worthington has filed a response representing that he has withdrawn from legal practice involving the handling of client funds; that he has two pending cases, which do not involve handling client funds, that would be wound-up by December 15, 2023; and that upon conclusion of those two matters he will have voluntarily ceased the practice of law and holding himself out to the public as a practicing attorney. The Inquiry Commission has not filed a response challenging those representations. Worthington argues that the voluntary cessation from the practice of law eliminates any probable cause to believe he poses a substantial threat to his clients or the public.

This Court is not a factfinder, but because the Inquiry Commission has not filed a response challenging the truth of Worthington's representations that by December 15, 2023, he would cease having any clients, practicing law in any manner, or holding himself out as an attorney, we agree that the petition for temporary suspension based upon SCR 3.165(1)(b) is not warranted. That rule requires that "an attorney's conduct poses a substantial threat of harm to his clients or to the public[.]" *Id.* It speaks in the active and present sense. The cessation of legal practice does eliminate any present and continuing threat to his clients and to the public.

But SCR 3.165(1)(a) allows for temporary suspension upon probable cause to believe "an attorney is or *has been* misappropriating funds the attorney holds for others to his/her own use or *has been* otherwise improperly dealing with said funds[.]" (emphasis added). The rule does not require a present or continuing threat of misappropriation of funds—that probable cause exists to believe a misappropriation of funds has occurred in the past is sufficient. In *Inquiry Commission v. Arnett,* this Court imposed temporary suspension when evidence supported the belief that the attorney had misappropriated $75,000 given to him to hold in trust during a divorce action; as well as a further misappropriation of $178,315 from multiple other client funds. 439 S.W.3d 168, 169 (Ky. 2014). Likewise, evidence in this case supports a probable cause belief that Worthington has misappropriated funds totaling more than $300,000 from two separate clients. Therefore, temporary suspension per SCR 3.165(1)(a) is appropriate.

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) James Carol Worthington is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective upon the date of entry of this order, pending further orders from this Court;

(2) Disciplinary proceedings against James Carol Worthington may be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or Respondent resigns under terms of disbarment;

(3) Pursuant to SCR 3.165(5), James Carol Worthington shall, within twenty (20) days from the date of the entry of this Opinion and Order, notify in writing all clients of his inability to provide further legal services and furnish the Director of the Kentucky Bar Association with copies of all such letters;

(4) Pursuant to SCR 3.165(6), James Carol Worthington shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: February 15, 2024.

_____
CHIEF JUSTICE LAURANCE B. VANMETER